*Fessenden*, for the demandant.

*Cutting*, for the tenant.

---

## FAIRFIELD *versus* HANCOCK.

In an action by the payee of a draft against the drawer, it is not admissible to prove that, when taking the draft, the plaintiff admitted the debt, for which it was given, to have been contracted by the drawer as agent of the drawee, and thereupon *promised*, that the drawer should never be held accountable.

Neither could the drawer, after judgment against him in such suit, succeed in a special action upon such *promise* against the payee.

The proof of such a promise would contradict the draft, which is the written contract, and would therefore be inadmissible.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

ASSUMPSIT.

This defendant, as payee of a draft, had recovered judgment against this plaintiff as drawer. 30 Maine, 299. After payment of that judgment, this action is brought upon the promise, which was offered to be proved in that suit. In support of this action the plaintiff offered to prove, *that* the lumber purchased of this defendant, (for which the draft was made,) was purchased by the plaintiff merely as agent for one

Weld ; *that* that fact was known to the defendant, who had inquired into the ability of Weld to pay ; and *that*, in taking the draft, the defendant agreed to look only to Weld, and promised that the drawer should never be called upon. The evidence was objected to on account of its " irrelevancy."

The declaration also contained the money counts. But, in support of them, no additional evidence was offered.

*Cutting*, for the plaintiff.

In the case of *Hancock* v. *Fairfield*, 30 Maine, 299, it was held that parol evidence was not admissible to control the legal effect of defendant's responsibility as drawer, and that, as such, he was personally liable ; that " whatever authority the signer may have to bind another, if he does not sign as agent or attorney, he binds himself and no other person." The correctness of that decision we do not now controvert, but have brought our action founded on the parol contract there excluded.

The plaintiff was under no legal obligation to give the defendant a draft, binding himself as drawer ; he might have drawn and signed as the agent of Weld ; the defendant knew at the time of selling the lumber, that the plaintiff was so acting. Defendant inquired as to the responsibility of Weld, and sold the lumber on his credit. But the draft was written in common form and signed by plaintiff as drawer, and delivered to the defendant upon his aforesaid agreement. This was a benefit to the defendant, and, therefore, a sufficient consideration for his promise.

In *Perkins* v. *Gilman*, 8 Pick. 231, WILDE, J., in delivering the opinion of the Court, says, " The defendant's remedy for the violation of that agreement, is by action against the promisees of the note, and the principle adopted to avoid circuity of action is not applicable."

In *Allen* v. *Kimball*, 23 Pick. 473, the Court recognize *Dow* v. *Tuttle*, as the leading case in that Commonwealth, and recite the language of the Court, which was pronounced in that case, and then conclude by saying, " in the present case the agreement offered to be proved, was executory, for

Fairfield *v.* Hancock.

the breach of which the plaintiff is liable to an action, in which the present defendant will be entitled to a full indemnity for any damage which he has or may suffer.

These cases fully establish the doctrine for which I contend.

Was the testimony admissible ?

It was objected to only upon the ground of *irrelevancy, and for no other cause.* Certainly that evidence is relative which has a tendency to prove the issue.

Had it been objected to upon the ground that it contradicted the tenor of the draft, it might have presented another and very different question, although, I apprehend, it would not have availed in this suit ; it could only avail, as it has, in the suit on the draft. The written and parol contracts were independent.

In the action, *Dow* v. *Tuttle,* 4 Mass. 414, which was founded on a note payable in one year, defendant offered parol proof that the promisee, at its inception, agreed to delay payment for five years. PARSONS, C. J., says, " If the agreement was a part of this contract, it would be repugnant to the note and destroy its effect. The agreement, although made at the same time, must be considered as a collateral promise of the promisee's, for the breach of which, if there be a legal consideration, *an action would lie.*"

*Rowe & Bartlett,* for the defendant.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The plaintiff, acting as the agent of G. M. Weld, purchased of the defendant a quantity of lumber, and drew a draft upon Weld in favor of the defendant in payment for it. In a suit upon that draft the plaintiff offered to prove, that the defendant agreed, that he would not hold him liable upon it as drawer. That testimony was excluded, and judgment was rendered against the present plaintiff. *Hancock* v. *Fairfield,* 30 Maine, 299.

This suit is founded upon the same alleged promise. The

witness states it to have been made in these words : — "That if Mr. Fairfield would give him the draft, he would not hold him liable as drawer of said draft and would look only to Weld the drawee."

Few rules of law are more perfectly established or founded upon better reason than that, which excludes parol evidence offered to contradict, alter or vary the terms of a written contract.

The law regards the written contract as exhibiting the whole of the final conclusions and agreements of the parties respecting the subject matter of it, and does not admit, that any previous conversations can constitute any contract respecting it.

The plaintiff now attempts to establish a separate contract, which would contradict and annul the written contract between him and the defendant, and to do it by proof of a conversation between his agent and the defendant prior to a delivery and acceptance of that draft. If there was such an agreement, it would have been very easy to have incorporated it into the written contract by adding the words not accountable as drawer, or other words to the like effect.

The cases of *Perkins* v. *Gilman*, 8 Pick. 229, and of *Allen* v. *Kimball*, 23 Pick. 473, are not in fact or principle like the present. The contracts exhibited in those cases, providing for an extension of the times of payment, appear to have been made long after the notes.

*Plaintiff nonsuit.*